BEASLEY
vs
DEBOE.

*Dunlap* for plaintiff.

---

ASSUMPSIT.

Case 98.

# Beasley *vs* Deboe.

### ERROR TO THE GARRARD CIRCUIT.

### *Assumpsit.   Jurisdiction.*

June 21.

JUDGE GRAHAM delivered the opinion of the Court.

Case stated and
facts proved.
A WRIT of *fieri facias* in favor of M. & G. Brown, against the estate of Wm. Wall and the defendant Deboe, (who was the surety of Wall,) was levied by the Sheriff on some property as the property of Wall. The present plaintiff claimed the property levied on under a mortgage which Wall had previously executed to him. A jury were empannelled and sworn to try the right of property so levied on by the Sheriff and

claimed by Beasley. After the jury had retired, and while they were deliberating on the case, Beasley and Deboe made an agreement, so as to relieve the jury from the necessity of rendering a verdict. It was agreed that they should both enter as sureties and replevy the debt, and when the replevin became due, that each should pay one half the debt. Having made this agreement, the jury were discharged and the debt replevied, in pursuance of their agreement. Execution having afterwards issued on the replevy bond, Beasley, on the 19th July, 1842, paid the principal, interest and cost, in full, amounting in all to $263 63 cents. To recover from Deboe one half that sum, Beasley brought this action of assumpsit against him. During the trial which was had upon the general issue, non assumpsit, and after the plaintiff had introduced evidence, written and parol, establishing the foregoing state of facts, the defendant read to the jury several mortgages which had been executed by William Wall to plaintiff, and Michael Wall, &c. The first, dated September, 1842, conveyed some corn, potatoes, flax, cabbages and hay, to secure said Beasley and W. Wall in certain debts and liabilities, amounting in all, without interest, to $354. A part of this sum being the debt replevied by Beasley. The second mortgage was a transfer to Beasley, M. Wall, Bruce and Turner, of whatever sum should accrue to Beasley from the sale of a house and lot, and "all other money coming to him by virtue of a certain decree, &c., to secure certain debts to the mortgagees, the debt paid by Beasley to Brown being one of them. The third was a mortgage upon a considerable quantity of household furniture, and on cattle, hogs, &c., and farming utensils, to secure Beasley and Wall in certain security-ships. This was made in 1841, and before the plaintiff became surety in the replevin bond. The plaintiff then proved by Michael Wall, that the mortgagees got no part of the property mentioned in the first mortgage; the whole of that had been consumed by his family with the knowledge of the mortgagees, who lived close by him. That Beasley had received of the proceeds of the second mortgage, about $800, which did not pay all

BEASLEY
vs
DEBOE.

his liabilities. It further appeared from his statement, that more money had been paid to Maj. Turner than was secured to him in the mortgage.

The Court, at the instance of defendant, excluded

Instructions of the Circuit Court given and refused.

from the jury the testimony of Wall, and instructed the jury that the plaintiff's remedy was in a Court of equity, and not at law, and that they should find for defendant. The Court refused to instruct the jury, that if they believed from the evidence, that Beasley and Deboe made the special agreement proved, and Beasley had paid the whole debt, they must find for plaintiff, one half the debt with interest, unless they believed that Beasley had been indemnified by the mortgages.

The Court also refused to exclude the mortgages from

The positions for reversal assumed by plaintiff.

the jury. The jury having found a verdict for the defendant, and the Court having overruled the plaintiff's motion for a new trial, he has brought the case to this Court, and insists that Beasley was only the surety of Deboe and Wall, and certainly had a right to recover the full amount of the debt paid to Brown, subject to a deduction of the amount made out of the mortgaged effects. If Beasley was the surety of Deboe and Wall, and occupied only the position of an ordinary surety, it was incumbent on him to have averred in his declaration, that Wall had not paid any portion of the debt to him, which he has not done in this case, and has therefore, shown no cause of action. Indeed, if he can be considered as the surety of Deboe and Wall, the former would be liable to him for the whole amount paid by him, instead of only one half. It is further urged that although Wall may have paid to Beasley or indemnified him fully, for one half the amount paid by him, yet that under the agreement, he was entitled to recover of Deboe the other half. We do not so understand the facts in this case. It is clearly proved by one witness, that when Deboe was about to sign the replevin bond, after he had taken up his pen, and before he signed his name, "called the attention of the persons present to take notice that he was only to pay one half and Beasley the other half, as between them as sureties, and Beasley agreed to it." Deboe then signed the

bond. But the other facts in this case, independent of this evidence, strongly conduce to prove, that in executing the replevy bond, they were joint sureties, notwithstanding Deboe was already bound by his previous obligation. Property had been levied on as Wall's, which Beasley claimed as his. The jury had retired and were deliberating on the question of the *right* to that property. If they should find the property subject to the execution, then Beasley would suffer loss to its value, or the amount of the execution levied on it. If they failed to subject it, then the whole burthen of the debt was thrown on Deboe. It was a critical moment to each. To avoid the risk to each one of a loss of the whole amount, they agreed to divide the risk by replevying the debt as sureties for Wall. Each one, in our view of the facts, became liable to the other for only one half of that which he might be compelled to pay, and fail to receive from Wall, the principal.

This brings us to the consideration of the next important question. Was Beasley's remedy only in equity? The mortgages were essential evidence to determine this question, and the Court did not err in refusing to withdraw them from the consideration of the jury. Some of the property mortgaged had been consumed or used by the mortgagor with the knowledge of the mortgagees. Some of it, a small portion at least, had been applied to the payment of a debt not embraced in the mortgage. Other portions had not been at all disposed of, so far as appears in the evidence. Upon this state of facts it would have been very difficult for the jury to have adjusted the matter, and to have arrived at proper conclusions. It could not have been done without entering into details, and the consideration of questions more properly belonging to a Court of equity than to a Court of law. And yet these questions were necessary to be determined before complete justice could be done to the parties. How far had Beasley been indemnified? Could he be required to account for the property consumed by his consent? These and other matters growing out of these mortgages, bring this case fully within the principles of the case of *Morrison*

BEASLEY
*vs*
DEBOE.

Plaintiff and defendant became jointly bound as sureties in a replevy bond to pay a debt due by a third person, for which defendant was previously bound as surety, and a mortgage had been given by defendant to plaintiff to indemnify him as surety in the debt and sundry liabilities—Held that a Court of chancery was the appropriate tribunal to adjust the extent of indemnity received by plaintiff, and the Court below having so instructed the jury, the decision is approved.

vs *Poyntz,* (7 *Dana,* 310,) where it was held "that the· action cannot be maintained without showing that the· mortgaged property has been *properly* disposed of,· without having satisfied the debt for which contribution· is demanded.; and that a jury cannot, with any safety or propriety, determine how far it. may be insufficient."

Concurring with the Court below, that the plaintiff's remedy is by suit in equity and not·by action at law, the· judgment is affirmed.

*Burton* for plaintiff; *Turner and· Dunlap* for defend-- ant.